**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ADAM GAU, | ) |
| | ) |
| | ) |
| | ) |
| RYAN GAU, and | ) |
| | ) |
| | ) |
| DONALD GAU, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Cause No. 4:21-cv-3 |
| v. | ) |
| | ) Division |
| POWER LINE CONSULTANTS, LLC | ) |
| | ) |
| Serve at: | ) |
| Tonya Garrett, Registered Agent | ) |
| 3401 Corcoran Road | ) |
| Doe Run, MO 63637 | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW Plaintiffs Adam Gau, Ryan Gau, and Donald Gau ("Plaintiffs"), by and through their undersigned counsel, and for their Complaint state as follows:

**INTRODUCTION**

1. This is an action for unpaid minimum wage compensation and attorney's fees and costs for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq. ("FLSA").

2. This is also an action for failure to provide Plaintiffs' final paycheck in contravention of Mo. Rev. Stat. § 290.110 .

1

3. This is also an action for breach of contract.

4. Plaintiffs demand a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of all claims because Plaintiffs' primary cause of action is for nonpayment of wages pursuant to 29 U.S.C. § 206 et seq. Accordingly, this Court has federal question jurisdiction of this FLSA matter pursuant to 28 U.S.C. § 1331 because this is a "civil action arising under the.. Laws… of the United States."

6. This Court has supplemental jurisdiction with respect to Plaintiffs' other claims for violation of Missouri's minimum wage laws and for breach of contract because these claims arise out of the same transaction and occurrence that give rise to Plaintiffs' FLSA claims, namely Defendant's failure to pay Plaintiffs any wages whatsoever for approximately thirty-two hours of work. As such, this Court may properly exercise supplemental jurisdiction over these related claims pursuant to 28 U.S.C. § 1367.

7. Defendant withheld wages from Plaintiffs for their work as power line laborers for Defendant, who at all times relevant was located in Farmington, Missouri within this District; specifically, Defendant resides in and has continuous business operations within this District in St. Francois County, Missouri.

8. Power Line Consultants, LLC is a domestic business operating in St. Francois County, Missouri and within this District.

9. Plaintiffs reside in Wayne County, Missouri within this District and worked at all times relevant in Missouri counties within this District as emergency power line repair workers for Defendant.

10. Defendant's illicit withholding of compensation from Plaintiffs thus damaged Plaintiffs in this District and within Missouri where the wages were due.  Venue is also proper in this District for these reasons.

## PARTIES

11. Plaintiffs are natural persons currently residing in Wayne County, Missouri.

12. In early December of 2020, Plaintiffs worked for Defendant as power line laborers in St. Francois County, Missouri.

13. At all times relevant, Plaintiffs' job duties entailed driving to locations that Defendant selected in order to repair damaged power lines at that location.

14. Plaintiffs were not part of a union and were at all times workers employed subject to the provisions of the FLSA.

15. Power Line Consultants, LLC is a Missouri corporation and is a power restoration company providing services primarily in St. Francois County, Missouri.

16. Defendant employed Plaintiffs in December of 2020.

17. Defendant had day-to-day control over where Plaintiffs worked, the hours Plaintiffs worked, and the type of work Plaintiffs would be doing.

18. Defendant controlled all aspects of Plaintiffs' work while Plaintiffs worked for Defendant.

19. Defendant was responsible for paying Plaintiffs.

20. Specifically, Defendant made and implemented decisions about Plaintiffs' daily pay rate and the method of Plaintiffs' payment.

21. Defendant reviewed and controlled Plaintiffs' employment records, including all records pertaining to Plaintiffs' rate of pay, compensation, and hours worked.

22. Defendant's equipment was used for Plaintiffs' work.

23. At all times relevant, Defendant was Plaintiffs' employer within the meaning of Section 290.500(4).

24. At all times relevant, Plaintiffs were Defendant's employee within the meaning of Section 290.500(3).

## **FACTS**

25. At all times relevant, Defendant had an agreement with Plaintiffs whereby Plaintiffs would work as full-time power line laborers.

26. At all times relevant, Plaintiffs worked as manual laborers.

27. Defendant and Plaintiffs agreed that Plaintiffs would work as laborers for all of the hours that Defendant assigned Plaintiffs.

28. In exchange for Plaintiffs' hours of weekly labor, Defendant agreed to compensate Plaintiffs at an hourly rate; for the hours at issue, that rate was in excess of $50 per hour for each Plaintiff.

29. On December 11 and 12, 2020, Plaintiffs worked two sixteen-hour days for Defendant.

30. After December 12, 2020, Defendant terminated Plaintiffs' employment.

31. Since ceasing to work for Defendant, Plaintiffs have notified Defendant numerous times of their demand to be compensated for their hours worked on December 11 and December 12 of 2020.

32. Defendant has failed and refused, and continues to fail and refuse, to compensate Plaintiffs for their hours worked on December 11 and December 12 of 2020.  Each Plaintiff worked a total of thirty-two hours over the course of those two days.

33. Defendant knew or, absent their own recklessness, should have known that Plaintiffs were not exempt from the FLSA minimum wage requirements.

34. Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

35. Upon information and belief, Defendant has wrongfully withheld thousands of dollars from Plaintiffs' paychecks.

36. Plaintiffs complained directly to Defendant about the improper refusal to issue their final paychecks, but Defendant would provide no relief to Plaintiffs.

## COUNT I - FLSA

37. Plaintiff incorporates by reference all prior paragraphs.

38. At all relevant times, on information and belief, Defendant was, with respect to Plaintiffs, an "employer engaged in interstate commerce and/or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 206(a).

39. Upon information and belief, Defendant has gross revenues that exceed $500,000.

40. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at least the statutory minimum wage for many regular hours worked when they knew or should have known such was due and that non-payment would financially injure Plaintiffs.

41. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

42. Plaintiffs are entitled to an award of their reasonable attorney's fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

43. WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and award them unpaid minimum wages due under the FLSA, liquidated and/or punitive damages as a result of Defendant's knowing and willful failure to pay minimum wages pursuant to FLSA, prejudgment and post-judgment interest, expenses associated with this action, together with reasonable attorney's fees, and such other and further relief as this Court determines to be just and proper.

**COUNT II: VIOLATIONS OF THE MMWL, § 290.110**

44. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

45. Defendant failed to pay Plaintiffs their last paycheck when it failed and refused, and continues to fail and refuse, to pay Plaintiffs for their hours worked on December 11 and December 12. With approximately one week after their last day on December 12, Plaintiffs began making multiple demands for payment of their wages. Plaintiffs made a final, formal written demand for payment on December 30, 2020.

46.     Defendant is liable to Plaintiffs for the contract rate of their wages for a number of days, up to sixty, beginning when Plaintiffs were discharged and lasting until Plaintiffs are paid, because Defendant has refused to provide Plaintiffs' correct last paycheck to them despite receiving written notice that Plaintiffs demanded their last paycheck, in the correct amount, in accordance with Mo. Rev. Stat. § 290.110.

47.     Defendant is liable to pay Plaintiffs' attorneys' fees and costs.

48.     Defendant's actions set forth above damaged Plaintiffs such that Plaintiffs have suffered a substantial loss of money and have had to expend significant court costs and attorneys' fees as a result of Defendant's actions set forth herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant for actual damages including all consequential loss, compensatory damages, punitive damages, attorney's fees and costs, for such other relief as the Court may deem just and proper.

### COUNT III - BREACH OF CONTRACT - AGAINST ALL DEFENDANTS

49.     Plaintiff incorporates all prior paragraphs as if fully stated herein.

50.     Plaintiffs and Defendant entered into a contract, whereby Defendant was to pay Plaintiffs at an hourly rate in excess of $50 an hour for each Plaintiff for all hours worked for Defendant.

51.     In exchange, Plaintiffs promised to, and in fact did, work the hours that Defendant dictated.

52.     Over the relevant time period, Plaintiffs performed all such work in accordance with the parties' contract.

53. Defendant breached the contract by refusing to pay Plaintiffs for two sixteen hour days worked on December 11 and 12.

54. Defendant's breach of the parties' contract is without excuse or justification.

55. Defendant's breach of the parties' contract has caused Plaintiffs to suffer damages as set forth herein.

56. Specifically, Plaintiffs have lost money as a result of the wages that Defendant refused to pay.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor, award Plaintiffs damages consisting of the unpaid regular wages, consequential damages, and that this Court award Plaintiffs all other and further relief that the Court deems just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas
    Richard A. Voytas, Jr., #52046
    rick@rossvoytas.com
    2242 S Brentwood Blvd.
    St. Louis, MO 63144
    Phone: (314) 394-0605
    Fax:    (636) 333-1212

Attorney for Plaintiffs